# CV 13       3831

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SUMMONS ISSUED**

-------------------------------------------------------------------X

AFAF ABED,

                              Plaintiff,

                                                    **COMPLAINT
                                                    JURY TRIAL
                                                    DEMANDED**

                    -against-

                                                    **ROSS, J.**

THE CITY OF NEW YORK, and POLICE OFFICER YASER
SHOHATEE, Shield 7206 in his Individual Capacity and NEW
YORK CITY POLICE DEPARTMENT COMMUNITY AFFAIRS
POLICE OFFICERS and/or DETECTIVES JOHN DOE 1 and 2 in
their individual capacities AND NEW YORK CITY POLICE
DEPARTMENT SERGEANT FIRST NAME
UNKNOWN/LAST NAME UNKNOWN in his Individual Capacity,

                              Defendants

-------------------------------------------------------------------X

            Plaintiff, AFAF ABED, by her attorney, PAUL THOMAS LAYTON alleges

the following, upon information and belief, as his Complaint:

## NATURE OF THE ACTION

1.        This civil rights action arises from the defendant Police Officers SHOHATEE

unlawful arrest and the use of excessive force at a public gathering outside of a park in

the Bay Ridge neighborhood in Brooklyn, New York; the excessive force that was

applied included drop kicking the plaintiff to the ground by kicking her in the back

causing her to fall; defendant SHOHATEE then repeatedly struck her with his fists while

sitting on top of her; her arms were violently jerked behind her and handcuffs were

applied so tightly that the plaintiff still bears visible injuries to her wrists;  Community

Affairs Officers failed to intervene and prevent the harms to the plaintiff;  plaintiff who

1

was a college student was transported from the park in Bay Ridge, Brooklyn in handcuffs to the precinct where she was threatened with the loss of her desired medical career by a superior officer who is believed to be a Sergeant; at the precinct the Sergeant gave her the choice of being taken to a hospital for her injuries and charging her with felony assault upon defendant SHOHATEE or getting a summons for disorderly conduct and being released; plaintiff was released with a summons and immediately went to a hospital due to her injuries; she was followed to the hospital by Police Officers and her privacy was invaded at the hospital in an effort to intimidate her; plaintiff was maliciously prosecuted, and she was compelled to appear in Court where the charges against her were dismissed.

2.     Plaintiff seeks compensatory and punitive damages for violation of plaintiff's civil rights pursuant to 42 U.S.C. Sections 1981, 1982, 1985 and 1986 and an award of costs, disbursements and attorney fees under 42 U.S.C. Sec. 1988. Plaintiff also seeks compensatory and punitive damages under State law tort claims against all the defendants named herein.

## JURISDICTION and VENUE

3.     This action is predicated upon violations of plaintiff's civil rights protected under the United States Constitution inclusive of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and actionable pursuant to 42 U.S.C. Sections 1981, 1983, 1985 and 1986. This Court has supplemental pendent jurisdiction over the State law tort claims. Venue is properly laid in the Eastern District of New York under 28 U.S.C. 1391(a) (b) and (c); the Eastern District of New York is the District where the claim arose.

4.     Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343.

5.     The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

U.S.C. Section 1367, over any and all state law claims and as against all parties that are

so related to claims in this action within the original jurisdiction of this court that they

form part of the same case or controversy.

## JURY DEMAND

6.     Plaintiff respectfully demands a jury by trial of all issues in the mater pursuant to Fed.

R. Civ. P. 38(b).

## CONDITIONS PRECEDENT

7.     Plaintiff has duly complied with conditions precedent to this lawsuit by duly and

properly filing a notice of claim within ninety (90) days of the occurrences giving rise to

this lawsuit.

8.     On January 28, 2013, defendant THE CITY OF NEW YORK conducted a hearing

pursuant to General Municipal Law, Section 50-h.

9.     That more than thirty (30) days have elapsed since the service of said Notices of Claim

and that said claim remains unadjusted and that the defendant has wholly refused, failed and

neglected to make any adjustment of same.

## PARTIES

10.    Plaintiff AFAF ABED was and continues to be a resident of the State of New York,

County of Kings.

11.    Defendant, THE CITY OF NEW YORK is a municipal corporation duly authorized

and existing under and by virtue of the laws of the State of New York.

12.     Defendant, THE CITY OF NEW YORK, has established and maintains a police department which is an agency of the defendant, THE CITY OF NEW YORK. The police department acts as the agent for THE CITY OF NEW YORK in the area of law enforcement for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department (hereinafter, "NYPD").

13.     At all times relevant, defendant THE CITY OF NEW YORK employed the individual defendant POLICE OFFICER YASER SHOHATEE, Shield 7206.

14.     At all times relevant, defendant CITY OF NEW YORK employed the defendant POLICE OFFICER YASER SHOHATEE, Shield 7206 out of the 068th Precinct of the New York Police Department ("NYPD").

15.     At all times relevant, POLICE OFFICER YASER SHOHATEE, Shield 7206 was a duly appointed and acting police officer of THE CITY OF NEW YORK.

16.     At all times relevant, defendant POLICE OFFICER YASER SHOHATEE, Shield 7206, was acting under the color of State Law.

17.     At all times relevant, defendant POLICE OFFICER YASER SHOHATEE, Shield 7206 was acting both in his individual and official capacity as an employee of defendant CITY OF NEW YORK.

18.     Defendant POLICE OFFICER YASER SHOHATEE, Shield 7206 is sued individually and in his official capacity.

19.     At all times relevant, defendant THE CITY OF NEW YORK employed the individual defendant SGT. FIRST NAME UNKNOWN/LAST NAME UNKNOWN.

4

20.    At all times relevant, defendant THE CITY OF NEW YORK employed the defendant SGT. FIRST NAME UNKNOWN/LAST NAME UNKNOWN out of the 068th Precinct of the NYPD.

21.    At all times relevant, defendant SGT. FIRST NAME UNKNOWN/LAST NAME UNKNOWN was a duly appointed and acting police officer of THE CITY OF NEW YORK.

22.    At all times relevant, defendant SGT. FIRST NAME UNKNOWN/LAST NAME UNKNOWN was acting under the color of State Law.

23.    At all times relevant, defendant SGT. FIRST NAME UNKNOWN/LAST NAME UNKNOWN was acting both in her individual and official capacity as an employee of defendant THE CITY OF NEW YORK.

24.    Defendant SGT. FIRST NAME UNKNOWN/LAST NAME UNKNOWN is sued individually and in his official capacity

25.    At all times relevant, defendant THE CITY OF NEW YORK employed the individual defendants NEW YORK CITY POLICE DEPARTMENT COMMUNITY AFFAIRS OFFICERS and/or DETECTIVES JOHN DOE 1 and 2.

26.    At all times relevant times, defendants NEW YORK CITY POLICE DEPARTMENT COMMUNITY AFFAIRS OFFICERS and/or DETECTIVES JOHN DOE 1 and 2 were duly appointed and acting police officers of THE CITY OF NEW YORK.

27.    At all times relevant, defendants NEW YORK CITY POLICE DEPARTMENT COMMUNITY AFFAIRS OFFICERS and/or DETECTIVES JOHN DOE 1 and 2

28.

were acting under the color of State Law

29.     At all times relevant, defendants NEW YORK CITY POLICE DEPARTMENT

COMMUNITY AFFAIRS OFFICERS JOHN DOE and/or DETECTIVES JOHN

DOE 1 and 2 were acting both in their individual and official capacities as employees

of defendant THE CITY OF NEW YORK.

30.     Defendants NEW YORK CITY POLICE DEPARTMENT COMMUNITY

AFFAIRS OFFICERS and/or DETECTIVES JOHN DOE 1 and 2 are sued

individually and in their official capacity.

31.     Notwithstanding the unconstitutional and unlawful conduct, the actions of the

individual defendants were taken in the course of their duties and were incidental to their

otherwise lawful functions as agents, servants and employees of the CITY OF NEW

YORK.

## FACTUAL AVERMENTS

32.     On or about July, 8 2012, plaintiff AFAF ABED was attending an Arabic festival

called the Arab Bazar taking place in and about Shore Road Park at 79th Street and Shore

Road in the borough of Brooklyn in the City and State of New York; The Arabic festival

was a Sunday gathering of families who brought home cooked food and picnicked in and

around the Park.

33.     Plaintiff was a student attending Kingsborough Community College during the

summer of 2012; she was studying in the hopes of applying to medical school to become

a physician.

34.     Plaintiff spent the morning of the festival helping her mother cook and prepare food.

6

35.    Plaintiff arrived at the park at approximately 12 o'clock noon; she and her family and friends arranged their seating outside of the park near the entrance at 79th Street and Shore Road; she and her family and friends freely entered the park and talked with people outside and inside of the park.

36.    At approximately 3:00 o'clock in the afternoon, plaintiff learned that a group of girls inside of the park had threatened to beat up the daughter of her mother's friend; plaintiff and a friend told the group of girls that no one was going to beat up the girl. One of the girls in the group posed aggressively and spoke in a threatening manner toward plaintiff's friend and when plaintiff attempted to protect her friend by stepping in between the two girls, the plaintiff was jumped by the group of girls.

37.    Plaintiff's niece, who was pregnant, was in the vicinity of this fracas and when she attempted to break up the fighting, one of the girls who had jumped plaintiff punched her in the face.

38.    There was no police action inside of the park to protect plaintiff.

39.    Plaintiff's brother intervened; plaintiff's brother escorted her out of the park where she remained for over an hour.

40.    NEW YORK CITY POLICE DEPARTMENT COMMUNITY AFFAIRS OFFICERS and/or DETECTIVES JOHN DOE 1 and 2  were sitting in a police vehicle near the entrance of Shore Road Park at 79th Street and Shore Road, they were both wearing shirts that identified them as NYPD and more specifically Community Affairs Officers; they called plaintiff over to their vehicle and asked her what had happened inside of the park. As plaintiff was explaining what had happened

7

defendant POLICE OFFICER YASER SHOHATEE approached. Defendant POLICE

OFFICER YASER SHOHATEE was wearing a NYPD uniform.

41.    Defendant POLICE OFFICER YASER SHOHATEE knew plaintiff's brothers to be

persons he had arrested because he had in fact arrested both of her brothers at the

family's home in Bay Ridge, Brooklyn.

42.    Defendant POLICE OFFICER YASER SHOHATEE interrupted the plaintiff when

she was answering the question of NEW YORK CITY POLICE DEPARTMENT

COMMUNITY AFFAIRS OFFICERS JOHN DOE 1 and 2; POLICE OFFICER YASER

SHOHATEE threatened to arrest plaintiff for "hitting a pregnant girl." Plaintiff asked

him "why would I hit my niece?" Defendant SHOHATEE replied "Because you come

from a dirty family." Plaintiff responded to SHOHATEE'S insult to her family by telling

him that he was a "dirty Yemeni."

43.    Plaintiff is an Arab American of Palestinian decent.

44.    Defendant POLICE OFFICER YASER SHOHATEE is an Arab American of Yemeni

decent.

45.    Plaintiff walked away from the car and from defendant SHOHATEE.

46.    After plaintiff turned and began to walk away, Defendant SHOHATEE jump kicked

plaintiff in her back with great force causing her to fall to the ground face down. The

force of the blow propelled her to the ground with such force that she momentarily

blacked out

47.    Plaintiff quickly regained awareness when she felt defendant SHOHATEE had

jumped onto her and was sitting on her buttocks; defendant SHOHATEE began to

repeatedly punch plaintiff in her lower back and in her right shoulder; the defendant

SHOHATEE continued the attack by grabbing her arms and pulling them so hard that plaintiff felt her right arm "snap" and she experienced intense pain. She was handcuffed while face down on the ground by POLICE OFFICER YASER SHOHATEE. The Detectives in the car remained inside of the car during this vicious assault and did not do anything to intervene or prevent the attack upon the plaintiff by defendant POLICE OFFICER YASER SHOHATEE.

48. Defendant SHOHATEE lifted plaintiff from the ground by lifting her by the right arm causing intense pain to the plaintiff.

49. Plaintiff was put inside of the vehicle; also in the vehicle were the two police officers or Detectives in Community Affairs shirts and YASER SHOHATEE; plaintiff and the two police officers or Detectives proceeded from the scene of the attack to the 068th Precinct while plaintiff begged the officers to loosen the handcuffs which were so tight that her hands, arms, wrists and shoulders were in agonizing pain.

50. The police officer or Detective who drove the vehicle is a white male who wore his hair long and pulled back he had a distinctive "pug nose." The other Community Affairs officer or detective was also a white male, tall with broad shoulders and short "spikey" dark brown hair and tanned skin.

51. When plaintiff begged the officers to loosen the cuffs she was refused and a joke was made of her pain when she was told "we might just give you the furry cuffs." The two police officers or Detectives continued to ridicule plaintiff and to refuse to loosen the cuffs; turning her complaints and pain into a joke; the driver suggesting "we might take you for Carvel," and his partner saying "maybe Coldstone is better." As part of the taunting and insulting of the plaintiff, during the drive to the 068th Precinct she was asked

9

how much she had to drink. The defendants were aware that plaintiff, a Muslim, is religiously proscribed from drinking alcohol and that she was attending an Arabic festival where there was no liquor being used. Plaintiff's denial of drinking was met by further insult to her and her family when the defendant Community Affairs Officer or Detective who was in the passenger seat stated "I don't know if it's you or if it's genetics in your family."

52.   Although plaintiff was in need of medical attention, she was transported to the 068th Precinct and not first taken to receive medical attention at a hospital or by an EMS employee.

53.   Upon arrival at the 068th Precinct, despite her being in severe pain from the assault and in handcuffs, the plaintiff was ordered to "walk the white line" in the back yard or parking lot area of the precinct.

54.   Once inside of the Precinct the Desk Sergeant or Precinct Sergeant asked why plaintiff was at the precinct. POLICE OFFICER YASER falsely accused the plaintiff of the crime of assaulting him.

55.   The Sergeant told plaintiff that she is a "very bright girl." He asked plaintiff what she wanted to be and she told him "a pediatric surgeon."

56.   Before taking plaintiff to her cell inside of the precinct both the NEW YORK CITY POLICE DEPARTMENT SERGEANT FIRST NAME UNKNOWN/LAST NAME UNKNOWN and defendant POLICE OFFICER YASER SHOHATEE had told plaintiff that they would "make sure [she] never go[es] to medical school. You know, a convicted felon automatically gets turned down from medical school."

10

57.   After plaintiff was placed inside of the jail cell at the 068th Precinct her pain was so severe that she began to yell to be taken to the hospital but her requests were denied and met with the threat of prosecuting her for felony assault upon defendant POLICE OFFICER YASER SHOHATEE if she persisted in requesting that she be taken to the hospital.

58.   Although plaintiff was in need of medical attention, believing the threat to destroy her chances of ever going to medical school, she accepted the offer that NEW YORK CITY POLICE DEPARTMENT SERGEANT FIRST NAME UNKNOWN/LAST NAME UNKNOWN made to her to delay going to the hospital in exchange for being issued a summons and being released from custody; plaintiff was issued a summons for disorderly conduct in violation of New York Penal Law, Section 240.20(1) ; the summons bore the number 432551715-7 and was written by an NYPD Officer whose name is not printed on the summons and whose signature is illegible but who is identified by Tax Registry No. 937533 from the 068th Precinct. The plaintiff was charged with Disorderly Conduct and summoned to appear at Criminal Court located at 346 Broadway in the County of New York, City and State of New York on the "10 day of 3 year 2012." The failure to properly date the return date created the likelihood that the plaintiff would miss her court appearance and that a warrant for her arrest would issue.

59.   The purpose of delaying plaintiff's medical treatment was to hide evidence of the assault upon the plaintiff by POLICE OFFICER YASER SHOHATEE; the purpose of improperly dating the Summons was to cause plaintiff to be further injured by missing a required Court date.

11

60.    Plaintiff was forced to obtain counsel to defend against the false charges. Counsel

appeared for plaintiff who was unavailable and excused due to a surgical procedure on

her wrist .

61.    Plaintiff's case was entered into the Criminal Courts docket under Docket Number

2012SK090275 and her criminal case was adjourned by a Judicial Hearing Officer on

October 3, 2012 to Part AP-2 of the Criminal Court of the City of New York, County of

Kings at 120 Schermerhorn Street, Brooklyn, New York.

62.    The officers who subjected plaintiff to the aforesaid arrest had no warrant.

62.    As a result of the false arrest and the use of excessive and unlawful force plaintiff

was injured.

63.    As a result of the false arrest and the use of excessive force plaintiff was seriously

injured.

64.    Upon plaintiff's release from jail, plaintiff was treated at

65.    Plaintiff suffered injury to her wrist and shoulder and back as well as scarring to her

wrists as a result of the excessive force applied upon her during her assault and battery by

POLICE OFFICER YASER SHOHATEE

66.    Plaintiff suffered trauma and pain.

67.    Plaintiff suffered emotional trauma from being falsely arrested and subjected to a

vicious attack; plaintiff suffered humiliation and embarrassment from all of the

foregoing.

68.    The arrest was initiated and continued without probable cause to believe any crime

had been committed by the plaintiff, AFAF ABED.

12

69. Defendants' actions were undertaken pursuant to municipal policies, practices and customs and under color of state law.

70. Moreover, AFAF ABED's right to be free of excessive force without due process of law is clearly established, and reasonable persons employed by defendants are aware, or have reasons to be aware of this.

71. The conduct of individual defendants was outrageous and was done with reckless indifference to protected civil rights, thereby entitling plaintiffs to an award of punitive damages as against the individual defendants.

72. The plaintiff had knowledge of her confinement.

73. The plaintiff did not consent to her confinement.

74. The plaintiff was prevented from leaving the confinement.

75. Plaintiff sustained great fear, emotional harm, disgrace, anxiety, stress, embarrassment and loss of self-esteem as a result of the aforesaid arrest, imprisonment, assault, battery, intimidation and abusive behavior perpetrated upon her by defendants.

**FIRST CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHT UNDER THE FIRST, FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AS SECURED BY 42 U.S.C. SECTION 1983 PREDICATED UPON FALSE ARREST AND IMPRISONMENT**

76. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

77. As a result of the afore-described actions, including the arrest and imprisonment of plaintiff without probable cause, the defendants, individually deprived plaintiff AFAF ABED, of the rights, privileges and immunities secured by the Constitution and laws of

the United States and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

78. As a result of the afore-described actions, these defendants individually deprived the plaintiff, AFAF ABED, of the **right to be free from unreasonable search and seizures and the right to not be subjected to excessive and unreasonable force** in violation of the 4th Amendment to the United States Constitution.

79. As a result of the afore-described actions, these defendants, individually, deprived plaintiff AFAF ABED, of her **right to liberty without due process of law** secured by the Constitution and laws of the United States and the Fifth and Fourteenth Amendments.

80. The unlawful arrest of the plaintiff violated her rights under the **First Amendment** to the United States Constitution and constituted **a retaliatory arrest** for her verbal responses to defendant POLICE OFFICER YASER SHOHATEE's insult to her family.

81. Defendants' actions were undertaken under color of law and would not have existed but for said defendants using their official power.

82. The supervisors and policy making officers of Defendant THE CITY OF NEW YORK and its Police Department, as a matter of policy, have failed to take steps to terminate the above the above detailed practices and have failed to discipline or otherwise properly supervise the individuals engaged in such practices.

83. Defendants have failed to properly or effectively train its employees with regard to proper constitutional and statutory limits on the exercise of their authority, and such failure continues to this day.

84.     Defendant, THE CITY OF NEW YORK, has sanctioned the policy and practices described in the above paragraphs through its deliberate indifference to the effect of said policy upon the constitutional rights of Plaintiff and others similarly situated.

85.     Defendant THE CITY OF NEW YORK hired and retained in its employ police officers with knowledge that said police officers had vicious propensities and were, therefore, unfit to be police officers.

86.     Defendant THE CITY OF NEW YORK'S motivations were in contravention of the U.S. Constitution and the Constitution of the State of New York

87.     The defendants who are sued in their individual capacities conspired with each other to engage in the unlawful conduct including the unlawful and excessive use of force against the plaintiff and the retaliatory arrest of the plaintiff; the emotional humiliation of the plaintiff; the refusal to loosen her handcuffs despite her outcry of pain; intimidation of the plaintiff following her release from custody by following her to the hospital where she sought treatment for her injuries; the violation of her Ninth and Fourteenth Amendment Right to Privacy as well as violation of her State guaranteed right to privacy with respect to her medical care and treatment; her delay in medical treatment as part of the cover up and conspiracy; furthermore, the NEW YORK CITY POLICE DEPARTMENT COMMUNITY AFFAIRS POLICE OFFICERS and/or DETECTIVES JOHN DOE 1 and NEW YORK CITY POLICE DEPARTMENT SERGEANT FIRST NAME UNKNOWN/LAST NAME UNKNOWN failed to intervene to protect the plaintiff from harm; all of the foregoing is due to a policy and practice within the New York City Police Department of Inadequate monitoring, discipline and supervision of

15

Police Officers as well as an utter failure of the post hiring psychological screening of Police Officers in the field.

88.     The defendants whose true identities are unknown, had actual knowledge of the conspiracy to deprive persons at the aforementioned premises of their rights under the Constitution and each neglected and failed to prevent the interference with plaintiff's civil rights.

89.     The afore-described constitutional violations are all actionable under and pursuant to 42 U.S.C., sections 1981, 1983, 1985 and 1986.

90.     The afore-described acts of the defendants was intentional, willful, malicious and performed with reckless disregard for and deliberate indifference to plaintiff's rights.

91.     As a result of the foregoing, plaintiff has suffered damages.

## SECOND CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHT UNDER THE FOURTH FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AS SECURED BY 42 U.S.C. SECTION 1983 PREDICATED UPON EXCESSIVE FORCE

92.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

93.     As a result of the afore-described actions, these defendants individually deprived plaintiff of her **right to be free from the unreasonable and excessive use of force and to be free from such conduct that is repugnant and shocking to the conscience;** the actions of the individual defendants which kicking her; jumping on top of her while she was on the ground; punching her in the back and shoulder; forcing her arms behind her back and handcuffing her; excessively tightening the handcuffs which were placed upon

16

her; forcing her to endure pain for an unreasonable period of time and for no legitimate

and reasonable purpose; failing to properly handcuff her; failing to double lock the

handcuffs so that they would not be locked in position which was painful and dangerous

to her health and safety; humiliating her for no reasonable and legitimate purpose

including making inappropriate comments directed to her because of her gender and

offensive comments due to her religion; insulting her family; all causing her to endure

pain that had no reasonable or legitimate purpose other than to cause her pain and to

suffer.

94.     The afore-described constitutional violations are all actionable under and pursuant to

42 U.S.C., sections 1981, 1983, 1985 and 1986.

95.     The afore-described acts of the defendants were intentional, willful, and malicious

and performed with reckless disregard for and deliberate indifference to plaintiff's rights.

96.     As a result of the foregoing, plaintiff has suffered damages.


### THIRD CAUSE OF ACTION FOR FALSE ARREST AND IMPRISONMENT

97.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained

in the preceding paragraphs with the same force and effect as if set forth more fully

herein.

98.     As a result of the foregoing, plaintiff was, without just cause or provocation

maliciously, recklessly, and/or intentionally arrested and imprisoned without probable

cause resulting in an unlawful confinement, deprivation of liberty and other serious injury

and harm to plaintiff AFAF ABED.

99.     That at the time and place aforesaid, the named defendants, individually and/or

vicariously by and through their agents, servants and/or employees, without just cause or

provocation, maliciously, recklessly and/or intentionally caused plaintiff to be arrested

and imprisoned without probable cause resulting in unlawful confinement, deprivation of

liberty and other serious injury to plaintiff AFAF ABED.

100.    That the occurrence and damages sustained by plaintiff were caused solely by the

malicious, reckless, and/or intentional conduct of the defendants, individually and/or

vicariously and through their agents, servants and/or employees, without any provocation

on the part of plaintiff contributing thereto.

101.    As a result of the foregoing, plaintiff has suffered damage.


### FOURTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION

102.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained

in the preceding paragraphs with the same force and effect as if set forth more fully

herein.

103.    On July 8, 2012, defendants did maliciously cause a criminal prosecution to be

commenced against Plaintiff, AFAF ABED, by filing an accusatory instrument, without

probable cause and in bad faith.

104.    On November 19, 2012, in Part AP-2 of the Criminal Court of the City of New

York, County of Kings, before the Honorable Judge Wilson, the charges against AFAF

ABED were dismissed.

105.    The charges were dismissed in plaintiff's favor.

106.   In commencing and continuing said malicious prosecution, defendants caused Plaintiff, AFAF ABED, to be falsely charged with crimes in violation of the Penal Laws of the State of New York.

107.   Plaintiff had not committed any illegal act.

108.   Plaintiff had not given defendants, its agents, servants and/or employees probable cause to believe that she had committed the illegal acts complained of.

109.   Defendants knew or should have known through the exercise of reasonable care and proper police procedure that said investigation was flawed and incomplete.

110.   Defendants, their agents, servants and/or employees willfully and wrongfully accused Plaintiff of having committed crimes in violation of the Penal Laws of the State of New York.

111.   As a result of the malicious prosecution, Plaintiff suffered, and continues to suffer, substantial and permanent damages.

112.   Said malicious prosecution caused plaintiff, AFAF ABED, to suffer severe emotional distress, emotional disturbances, humiliation and damage to her reputation.

## FIFTH CAUSE OF ACTION FOR NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL HARM

113.   Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

114.   As a result of the foregoing, defendant THE CITY OF NEW YORK, individually and vicariously, by and through their agents, servants and/or employees including members of the New York City Police Department, whose true identities are unknown,

intentionally, wantonly, recklessly, carelessly and/or negligently engaged in extreme and outrageous conduct measured by the reasonable bounds of decency tolerated by decent society thereby inflicting mental and emotional distress upon plaintiff, AFAF ABED.

## SIXTH CAUSE OF ACTION FOR NEGLIGENT TRAINING, SUPERVISION AND RETENTION

115.   Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

116.   That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK by its agents, servants and/or employees carelessly, negligently, and recklessly hired applicants for the position of Police Officer, Sergeant and Community Affairs officers.

117.   Those at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK, by its agents, servants and/or employees carelessly, negligently, and recklessly trained applicants for the position of police officer Police Officer, Sergeant and Community Affairs officers.

118.   That at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, by its agents, servants and/or employees carelessly, negligently and recklessly supervised, controlled, managed, maintained and inspected the activities of police officer and  Police Officer, Sergeant and Community Affairs officers..

119.   That at all times hereinafter mentioned the defendant CITY OF NEW YORK,  by its agents, servants and/or employees caused, permitted and allowed its police officers and Police Officer, Sergeant and Community Affairs officers  to act in an illegal,

20

unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities.

120.   That at all times hereinafter mentioned, the defendant CITY OF NEW YORK, by its agents, servants and/or employees carelessly, negligently and recklessly retained in its employ, police officers clearly unfit for the position who acted in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities prior to the date of the incident complained of herein.

121.   That at the time and place aforesaid, the defendant CITY OF NEW YORK, by its agents, servants and/or employees, without just cause or provocation, maliciously, recklessly and/or intentionally falsely arrested, imprisoned plaintiff without sufficient investigation and without proper training about the necessity of conducting sufficient investigation prior to engaging in the use of force; causing plaintiff serious personal harm and damages with knowledge that he had not committed any crime and without any evidence that she had committed a crime.

122.   That the occurrence and damages sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent and/or intentional conduct of the defendant CITY OF NEW YORK, its agents, servants and/or employees as set forth above , without any provocation on the part of plaintiff contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained its police officers.

123.   As a result of the foregoing plaintiff has suffered damages.

## SEVENTH CAUSE OF ACTION FOR PUNITIVE DAMAGES

124.  Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

125.  That the aforesaid occurrence and resulting injuries to plaintiff was due to the willful, wanton, reckless and/or malicious conduct of the individual defendants, POLICE OFFICER YASER SHOHATEE, Shield 7206 in his Individual Capacity and NEW YORK CITY POLICE DEPARTMENT COMMUNITY AFFAIRS POLICE OFFICERS and/or DETECTIVES JOHN DOE 1 and 2 in their individual capacities AND NEW YORK CITY POLICE DEPARTMENT SERGEANT FIRST NAME UNKNOWN/LAST NAME UNKNOWN, whose true identities are unknown .

126.  That the aforesaid occurrence and resulting injuries to plaintiff were due to the conduct of these defendants which reflects an utter indifference to safety and well- being of others and specifically the safety and well-being of plaintiff AFAF ABED.

127.  That the conduct of these individual defendants exhibited a reckless disregard for human life and the safety and well-being of others and more particularly, for the life and safety and well-being of plaintiff AFAF ABED.

## PRAYER FOR RELIEF

128.  WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A) Declaratory relief as follows:

1.  As to the first cause of action, a declaration that plaintiff's rights under the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution were

violated predicated upon the unlawful arrest and imprisonment of plaintiff AFAF

ABED.

2. As to the Second Cause of Action, a declaration that plaintiff's rights under the

First, Fourth Fifth and Fourteenth Amendments to the United States Constitution

were violated predicated upon excessive force as secured by 42 USC. Section

1983.

(B)      As to the first through the seventh causes of action, compensatory

damages.

C)      As to the first through seventh causes of action, punitive damages as

against the individually named defendants by reason of the wanton, willful, malicious

and/or outrageous character of the conduct complained of herein.

 (D) As to the first through seventh causes of action an award to plaintiff of the

costs and disbursements herein.

E)  As to the first and second causes of action, an award of attorney fees as

provided under 42 U.S.C. Section 1988.

And for such other and further relief as this Court may deem just and proper and

equitable.

Dated: New York, New York
       July 10, 2013

Respectfully Submitted,
PAUL THOMAS LAYTON, ESQ. (PTL 9242)

30 Vesey Street (Suite 1803)

23

New York, New York 10007
212-227-1104